IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

HERMAN TAYLOR, SR.                                                                PLAINTIFF

VS.                                                                                          CAUSE NO. 2015-243

BRANDON NURSING AND REHABILITATION
CENTER, LLC AND JOHN AND JANE DOES                                   DEFENDANTS

### SUMMONS IN A CIVIL ACTION

To:   Brandon Nursing & Rehabilitation Center, LLC
        c/o United Corporate Services, Inc.
        401 East Capitol Street
        Jackson, Mississippi 39201

Or wherever said person may be found in said County and State.

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to this Complaint to Mike Saltaformaggio of 'Maggio | Thompson, LLP, attorney for the Plaintiff, whose address is 174 West Center Street, Canton, Mississippi 39046. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 20 day of December, 2015.

(SEAL)



By: Kiley Henderson DC

**EXHIBIT A**

## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

HERMAN TAYLOR, SR.                                                    PLAINTIFF

VS.                                              CASE NO. 15-243

BRANDON NURSING HOME AND REHABILITATION CENTER, LLC;
AND JOHN AND JANE DOES 1-10                          DEFENDANTS

### COMPLAINT
(Jury Trial Demanded)

FILED NOV 25 2015

COMES NOW Plaintiff, HERMAN TAYLOR, SR. (hereinafter "Plaintiff" or "Plaintiff Taylor"), by and through his undersigned counsel, and files this Complaint against BRANDON NURSING HOME AND REHABILITATION CENTER, LLC (hereinafter "Defendant" or "Defendant Nursing), and John Does 1-10, collectively "Defendants." The Plaintiff would show unto this Court the following:

### PARTIES

1. Plaintiff is an adult resident citizen of Rankin County, Mississippi.

2. Defendant Brandon Nursing Home and Rehabilitation Center, LLC is a domestic corporation with its principal place of business located in Rankin County, Mississippi. The Defendant can be served with process of this Court by service on its registered agent, Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201.

3. John and Jane Doe(s) Defendants constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time that through their negligence, conspiracy, concealment or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. This group includes any owners, management entities, insurance companies, managers, medical providers, nurses, aides, and/or agents and employees of the above named Defendant, or any

1

entity or individual related to them or associated with this business location and dates of service provided herein.

4.  John and Jane Doe(s) Defendants may also constitute any employee, agent, servant, associate, nurse, aide, caregiver, and/or helper, as well as any other individual associated with the Defendant named herein, in which his/her identity is unknown at this time but through his/her negligence, conspiracy, or concealment caused Plaintiff's damage or delayed Plaintiff's access to judicial relief.

5.  At all times relevant to this action, Defendants' employees, including John and Jane Doe(s) 1-10, were acting in the scope of his/her agency and employment with Defendant named herein. Accordingly, Defendant Nursing is vicariously responsible for the alleged acts and omissions of its employees, as well as any other employees, agents, individuals, nurses, aides, or caregivers that breached the standard of care in the treatment of Plaintiff and while acting on behalf and for the Defendants.

## JURISDICTION

6.  Venue is proper in the Circuit Court of Rankin County, Mississippi. This Honorable Court has jurisdiction over this matter because the amount in controversy exceeds two hundred dollars ($200.00) exclusive of interests and costs.

7.  Plaintiff has satisfied the notice requirements of Mississippi Code § 15-1-36 and § 11-46-11.

## FACTS

8.  On or about August 2014, Plaintiff was residing at the Brandon Nursing Home and Rehabilitation Center, LLC. The Plaintiff was under the direct care and supervision of the Defendant.

2

9. The Defendant was to provide individual and specialized care to meet each resident's health care needs from clinically trained professionals.

10. More specifically, the Defendant was to provide nurses, aides, and other personnel that could assist in the daily activities of its residents, including Plaintiff Taylor.

11. As a result of the Plaintiff's medical condition, he was confined to a wheelchair and required assistance to move from bed to chair and chair to bed, among other daily activities.

12. On or about August 2014, Plaintiff Taylor was being transferred from his wheelchair to bed by two female caregivers, or aides[1].

13. At this time, the two caregivers attempted to physically remove him from his wheelchair and place him in the bed. The aides did not use a bedside lift to complete the transfer, and, as a result, dropped Mr. Taylor causing severe and significant personal injuries. Due to the negligence of said employees, Plaintiff Taylor received a fractured hip, and ultimately underwent surgical repair.

## NEGLIGENCE

14. Plaintiffs adopt by reference paragraphs 1 through 13 of the above set forth complaint.

15. In the professional care and treatment of Plaintiff, the Defendant was negligent and careless in one or more of the following:

   a. The Defendant negligently failed to provide sufficient and adequate care to the Plaintiff;

   b. The Defendant negligently failed to monitor or otherwise provide acceptable assistance and care to Plaintiff;

---

[1] The identity of the nurses, aides, or caregivers is unknown at this time.

3

c.  The Defendant negligently failed to transfer Plaintiff in a safe and effective manner;

d.  The Defendant negligently failed to provide appropriate nurses and or caregivers to complete the transfer of Plaintiff to his bed;

e.  The Defendant negligently failed to provide a safe environment for Plaintiff;

f.  The Defendant negligently failed to use a lift assist, or other device, to properly and safely transfer Plaintiff to his bed; and

g.  The Defendant was negligent in its staffing, hiring, and supervision of its employees.

16.  At all times relevant hereto, the Defendant operated a licensed nursing home and rehabilitation center organized under the laws of the State of Mississippi and were engaged in such a practice.

17.  At all times pertinent hereto, the Defendant owed the aforementioned duties to Plaintiff Taylor. The Defendant owed the duty to render healthcare services consistent with the nationally and locally recognized, minimally-accepted level of competency which would be expected by a nursing home facility and apply, (a) the qualifications and level of experience which the Defendant held themselves as possessing, and (b) provide adequate care based upon the circumstances of Plaintiff's case.

18.  As a direct and proximate cause of each and every act of Defendant's negligence and carelessness described herein, Plaintiff Taylor was caused to suffer and sustain medical expenses, serious illness, pain, suffering, and trauma, to his body and mind, which would have been avoided but for said negligence of above named Defendant.

19.  The breach of the aforesaid duties constituted negligence and/or gross negligence, and such negligence was the sole cause for the damages sought herein.

4

## VICARIOUS LIABILITY

20. Plaintiffs adopt by reference paragraphs 1 through 19 of the above set forth complaint.

21. Based on information, belief, and controlling law, the Defendant is vicariously liable for the acts of all aides, nurses, staff, or other entities that negligently provided care to Plaintiff Taylor.

22. Plaintiff reserves the right to amend his Complaint to specifically name any individual defendants not specifically named herein after reviewing the pleadings or discovery of Defendant. This shall include, but not be limited to, any and all individual defendants or treating personnel, whether physicians, nurses, and/or other providers.

23. The Defendant is vicariously liable for the acts of any agents, employees, or staff that provided care to Plaintiff on the date or dates in question.

24. As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred significant and severe personal injuries.

## GROSS NEGLIGENCE

25. Plaintiff adopts by reference paragraphs 1 through 24 of the above set forth complaint.

26. The wrongful actions of the Defendant in failing to properly evaluate, supervise, care, and properly transfer Plaintiff were willful and/or grossly negligent and were so wanton as to show a disregard for the safety of others, specifically Plaintiff, thus giving rise to an award of punitive damages against the Defendant.

27. As a direct and proximate cause of the Defendant's negligence, Plaintiff has incurred significant and severe personal injuries.

## DAMAGE CAPS UNCONSTITUTIONAL

28. Plaintiff alleges that the limitations on medical negligence damages as set forth in the Mississippi Code § 11-1-60, if they apply at all, are unconstitutional as they violate both the Mississippi Constitution and the Constitution of the United States, including but not limited to, the equal protection and due process clauses of these Constitutions.

29. Plaintiff followed all requirements of the Mississippi Tort Claims Act, "MTCA" of 2002 and 2004; however, this was done in an abundance of caution and the Plaintiff does not believe the MTCA applies in this matter.

30. Consistent with Miss. Code Ann. § 11-46-11, §15-1-36, MTCA, and other applicable statutes, Plaintiff Taylor sent "Notice of Claim" letters to the Defendant in this matter in July 2015. The letters were sent certified mail, return receipt requested to the Chief Executive Officer, President, or Manager, Donald Denz, and also to Manager, Norbert A. Bennett. The Notice of Claim was also sent to the Defendant's registered agent, Michael Barr, to the physical facility at 355 Crossgate Boulevard, and to the Defendant's email address listed on the Secretary of State's website as rleisenheimer.com. The return receipts were received executed from the Defendant's employees on 7/14/15, 7/20/15, and 7/31/15. (Attached as *Exhibit A*)

31. The notice provision expired on or about September 30, 2015. Plaintiff is now filing this Complaint after the applicable notice provision has expired and within the appropriate statute of limitations, consistent with the MTCA.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following:

a. That the Plaintiff have judgment against the Defendant for all losses incurred as a proximate result of the negligent conduct and other breaches of standard of care or duty, and compensatory damages, pre and post judgment interest from the date of judicial demand,

6

attorneys' fees and costs reasonably and necessarily incurred, in an amount to be determined at trial;

    b.    That the Plaintiff have judgment against the Defendant for damages in an amount to make the Plaintiff whole insofar as a pecuniary amount can accomplish that purpose, in an amount to be determined at trial;.

    c.    That Plaintiff have judgment against the Defendant for punitive damages in an amount sufficient to deter like conduct and to be determined at a trial in this matter;

    d.    That Plaintiff have such other relief as this Honorable Court deems just and proper; and

    e.    That all matters prayed for that are triable by jury, be tried by a jury.

Herman Taylor, Plaintiff

Respectfully Submitted,

BY: _____
Mike Saltaformaggio

ATTORNEYS FOR PLAINTIFF:

Michael Saltaformaggio, MSB No. 104000
Seth Thompson, MSB No. 103887
Maggio : Thompson, LLP
174 West Center Street
Canton, Mississippi 39046
Telephone:  (601)-300-3333
Facsimile:  (769) 257-7770
mike@mtlawms.com

## ACKNOWLEDGEMENT

I have reviewed the facts of this case and have consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

_____
Mike Saltaformaggio

Case: 61CI1:15-cv-00243   Document #: 1-1   Filed: 11/25/2015   Page 1 of 5



2014 1820 0002 275A 2292

EXHIBIT 'A'







| | |
|---|---|
| From: | Annelisa Woodyard |
| To: | "nelsenhelper@teracups.com" |
| Cc: | Mike Santainmaggio |
| Subject: | Taylor, Herman |
| Date: | Thursday, July 16, 2015 3:09:00 PM |
| Attachments: | Taylor, Herman - Notice of Claim.pdf |

To Whom It My Concern:

Attached you will find the Notice of Claim letter that was previously directed to Brandon Nursing and Rehabilitation, LLC. We look forward to hearing from you.

Annelisa M. Woodyard | Paralegal
MAGGIO|THOMPSON, LLP
174 West Center Street
Canton, MS 39046
T: 601-300-3333
F: 769-257-7770
http://www.mtlawms.com



**MAGGIO | THOMPSON.LLP**
ATTORNEYS & COUNSELORS AT LAW

MAGGIO | THOMPSON, LLP - PRIVILEGED AND CONFIDENTIAL. The information contained in this email and any attachments hereto may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.